UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANWAR MUFLAHI,
Individually and d/b/a
URBAN REPUBLIC APPAREL                    Docket No.:  14-CV-128 (WMS)(JJM)

                              Plaintiff,

            vs.

ERIE INSURANCE COMPANY,

                              Defendant.
_____

## DECLARATION

**MARCO CERCONE, ESQ.,** declares the following to be true and correct under penalty of perjury:

1.      I am a partner at the law firm of Rupp Baase Pfalzgraf Cunningham LLC, who are attorneys for defendant, Erie Insurance Company, in this matter.  I am admitted to practice law in the State of New York and the United States District Court for the Western District of New York and am fully familiar with the facts and circumstances set forth herein.

2.      I submit this declaration in support of defendant's motion in limine that seeks to preclude plaintiff:  (1) from calling several individuals who are associated with National Fire Adjustment Co., Inc. ("NFA"), including William J. Troy, Dana Aliberti, Donald Simmons, Jr., Jennifer Schenk, Joseph F. Ventura (collectively the "NFA witnesses"); (2) from calling Nagi Awass, Michael Likoudis, Esq., and Rich Riegelman of RGIS as witnesses

at the time of trial; and (3) from presenting to the jury or eliciting any testimony regarding claim estimates prepared by NFA and RGIS.

3.      Erie's motion in limine also seeks to preclude plaintiff from presenting 11 documents identified in his exhibit list because those documents never have been produced to Erie despite repeated requests and the Court having issued a preclusion order.  Also with respect to damages, plaintiff is not entitled to recover replacement-cost damages; therefore, plaintiff should be prevented from presenting any evidence of same at the time of trial on replacement cost basis.  Finally, plaintiff should be precluded from presenting evidence of the various coverage limits contained in the policy because they are not relevant to the issues in this case.

4.      Discovery in this matter is complete and I am trial counsel for the defendant in this matter and this motion in limine is being made in accordance with the Court's January 6, 2016 pretrial order.

5.      Briefly, by way of background, as it relates to this matter and motion, plaintiff had a contract of insurance that covered 1288 Jefferson Avenue, Buffalo, New York ("insured premises").  A certified copy of the insurance contract at issue is attached as Exhibit A. Plaintiff suffered a fire on September 29, 2011 at the insured premises and made a claim to Erie for first-party property insurance benefits under the insurance contract.  Plaintiff's claim was denied by Erie because Erie believed that plaintiff intentionally caused the loss for which he sought insurance benefits.

6.      Thereafter, plaintiff commenced a breach-of-contract lawsuit in New York State Supreme Court, Erie County, alleging that Erie breached the contract of insurance when Erie did not pay first-party insurance benefits relative to the fire at the insured premises. Plaintiff's complaint is a simple breach-of-contract action.

7.      Erie removed this action to this Court on the basis of diversity jurisdiction and discovery commenced.

8.      During discovery, plaintiff served his initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26, a copy of which is attached hereto as Exhibit B.

9.      After Erie received plaintiff's initial Rule 26 disclosures, Erie served document demands and a first set of interrogatories, copies of which are attached hereto as Exhibit C.

10.      Erie's document demands requested additional information related to plaintiff's claimed damages identified in his Rule 26 disclosure.  *See* Exhibit C.  Plaintiff responded to each of the document demands with a reference to his Rule 26 disclosures.  A copy of the plaintiff's responses to Erie's document demands is attached as Exhibit D.

11.      Relative to Erie's interrogatories, Erie further inquired about the plaintiff's damages.  Included among Erie's interrogatories are Erie's requests that plaintiff further

elaborate on his alleged damages, including providing an explanation as to how plaintiff's

damages were calculated.  *See* Exhibit C.


12.     In response, plaintiff provided minimal information related to the

calculation of his damages.  A copy of plaintiff's interrogatory responses are attached hereto as

Exhibit E.  Plaintiff did not explain the methodology used to calculate the various forms of

damages.  *See* Exhibit E at pp. 1-3.


13.     Since plaintiff's responses were deficient in a variety of ways, Erie's

counsel wrote to plaintiff's counsel seeking supplementation of the previously served deficient

responses.  A copy of the February 12, 2015 correspondence between counsel is attached hereto

as Exhibit F.  Erie's counsel also wrote to Magistrate Judge McCarthy regarding the deficiencies

in plaintiff's responses and requested a conference to discuss plaintiff's deficient responses.


14.     A telephonic discovery conference was held on February 25, 2015 before

Magistrate Judge McCarthy with counsel for both parties appearing.   *See* Docket No. 20.  At the

conclusion of the conference, the Court issued a preclusion order that the parties agreed to.

*See* Docket No. 21.


15.     The Court's order states as follows:  "TEXT ORDER : As agreed to by the

parties at yesterday's telephonic chambers conference, plaintiff will not seek to prove anything at

trial that he has not disclosed in discovery to date. SO ORDERED. Issued by

Hon. Jeremiah J. McCarthy on 2/26/15. (DAZ) (Entered: 02/26/2015)[.]"

16.     Thus, plaintiff is precluded from presenting any evidence or testimony at the trial of trial if it was not properly disclosed during discovery.

17.     Plaintiff did not make any additional or supplemental disclosure relative to their initial Rule 26 disclosures, his response to Erie's document demands, or Erie's first set of interrogatories.  Additionally, plaintiff did not make any expert disclosures and the time to do so long since passed.

18.     The only documentation that Erie possesses relative to plaintiff's alleged damages is an estimate prepared by NFA, a copy of which is attached as Exhibit G.  The NFA estimate also includes an estimate that was prepared by RGIS.  For ease of reference, that RGIS estimate separately is set forth as Exhibit H.

19.     The NFA estimate and the RGIS estimate do not comport with the dictates of Rule 26 for expert reports.  In addition, the NFA and RGIS estimates do not explain the methodologies used to complete the calculations contained in the estimates.  For the reasons stated in Erie's accompanying Memorandum of Law dated April 6, 2016, plaintiff should be precluded from presenting these estimates or any testimony related to same to the jury.

20.     In addition, for the reasons stated in Erie's accompanying Memorandum of Law dated April 6, 2016, plaintiff should be precluded from providing any testimony from the NFA witnesses, Nagi Awass, Michael Likoudis, Esq., and Rich Riegelman because they were not properly disclosed as expert witnesses.  Moreover, for the reasons stated in Erie's

accompanying Memorandum of Law, plaintiff also should be precluded:  (1) from presenting any evidence to the jury that his damages are valued at replacement cost; (2) from presenting 11 documents identified in his exhibit list that have not previously been disclosed to Erie; and (3) from presenting any evidence of the insurance policy limits.

**WHEREFORE**, defendant respectfully requests that its motion be granted in all respects, together with such other or further relief that this Court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 6, 2016.

Dated:  April 6, 2016
      Buffalo, New York

                    **RUPP BAASE PFALZGRAF CUNNINGHAM** LLC
                    Attorneys for Defendant
                    Erie Insurance Company


                    By: s/ Marco Cercone_____
                            Marco Cercone, Esq., of Counsel
                    1600 Liberty Building
                    Buffalo, New York 14202
                    (716) 854-3400
                    cercone@ruppbaase.com