UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANWAR MUFLAHI,

                           Plaintiff,

        v.                                                **DECISION AND ORDER**
                                                          14-CV-128S
ERIE INSURANCE COMPANY,

                           Defendants.

## I. INTRODUCTION

The facts of this case may be briefly summarized as follows.  On September 29, 2011, Plaintiff suffered a fire at 1288 Jefferson Avenue, Buffalo, New York, the premises on which Plaintiff operated a retail clothing business known as Urban Republic Apparel. At the time of the fire, the premises were covered by a commercial insurance policy issued by Defendant.  Plaintiff made a claim to Defendant for benefits pursuant to the insurance contract, which Defendant denied.  On September 25, 2013, Plaintiff commenced a breach-of-contract lawsuit in New York State Supreme Court, Erie County.  On February 24, 2014, Defendant removed the action to this Court on the basis of diversity jurisdiction.

Trial in this action will begin on June 21, 2016.  Presently before this Court is Defendant's motion in limine seeking various forms of relief.  (Docket No. 39.)  For the reasons that follow, Defendant's motion is granted in part, denied in part, and deferred in part.

## II. DEFENDANT'S MOTION IN LIMINE

**A.      Preclude Expert Witness Testimony**

Defendant seeks to preclude Plaintiff from offering the expert testimony of a number of witnesses, including William J. Troy, Dana Aliberti, Donald Simmons, Jr., Jennifer Schenk, and Joseph F. Ventura, who are associated with National Fire Adjustment Co., Inc. ("NFA") (collectively the "NFA witnesses"), as well as Nagi Awass, Michael Likoudis, Esq., and Rich Riegelman.  Defendant contends that these individuals should not be allowed to testify at trial because Plaintiff failed to properly disclose them as experts.

Rule 26(a)(1) requires a party to disclose the name and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."   Fed. R. Civ. P. 26(a)(1)(A)(i).   This requirement is designed to alert an opposing party of the need to take discovery of the named individuals.  See Pal v. New York Univ., No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citing Alfano v. Nat'l Geographic Channel, No. 06 Civ. 3511(NG)(JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007)).

The identity of any expert witness must be disclosed under Rule 26(a)(2)(A) and further, "if the witness is one retained or specially employed to provide expert testimony in the case," then the "disclosure must be accompanied by a written report—prepared and signed by the witness," Fed. R. Civ. P. 26(a)(2)(B).  These disclosures must occur "at the time . . . the court orders," Fed. R. Civ. P. 26(a)(2)(D), which, for Plaintiff's experts, was May 1, 2015.  "A party who has made a disclosure under Rule 26(a)—or

who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:   (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).

Finally, Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   This is a discretionary remedy. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006) (holding that preclusion is discretionary even if "the trial court finds that there is no substantial justification and the failure to disclose is not harmless").   Factors to be considered in determining whether to impose sanctions under Rule 37 include "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."   Pal, 2008 WL 2627614, at *3 (citing Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006))(alterations in original).

Defendant argues that it will be prejudiced by Plaintiff's failure to disclose because it did not have the ability to take expert depositions in order to prepare for cross-examination or hire rebuttal experts.  Plaintiff contends that there is no surprise to Defendant:   all the witnesses whom Defendant seeks to preclude, except Rich

Riegelman, were listed in Plaintiff's Rule 26 disclosure (though it was not specified that they would be expert as opposed to fact witnesses), and the NFA "claim booklets," which set forth Plaintiff's claimed damages and how those damages were calculated, were submitted to Defendant during discovery.

Upon consideration of the parties' arguments and the factors set forth above, this Court finds that Plaintiff has not complied with the disclosure requirements of Rule 26(a)(2).  The rules obligate Plaintiff to disclose his witnesses to Defendant as experts, and to provide expert reports conforming to Rule 26.[1]  The fact that Defendant knew the identities of Plaintiff's witnesses through Plaintiff's initial disclosures does not relieve Plaintiff of the specific disclosure obligations for expert witnesses.   The failure to disclose these witnesses as experts and the failure to disclose any expert report is not harmless, as it deprives Defendant of the benefit of written explanations and justifications of potentially key pieces of expert opinion testimony.   Based on the submissions, it appears these witnesses have not yet been deposed, but even if they have, "deposition testimony does not cure deficiencies in the Rule 26(a)(2)(B) notice." See LaMarca v. United States, 31 F. Supp. 2d 110, 123 (E.D.N.Y. 1998) (quoting Kolt v. United States, No. 94-CV-0293E(H), 1998 WL 214826, at *3 (W.D.N.Y. Apr. 24, 1998)). Nor has Plaintiff provided any justification for the failure to properly disclose his experts. See, e.g., Arnold v. Krause, Inc., 232 F.R.D. 58, 68-69 (W.D.N.Y. 2004) (precluding expert testimony based on unexcused delay in submitting expert report).

---

[1] Under Fed. R. Civ. P. 26(a)(2)(B), an expert report must contain:  "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

Accordingly, these witnesses will not be permitted to offer expert testimony or opinions. However, Defendant has offered no reason why the NFA Witnesses and Rich Riegelman should not be permitted to testify as to any observations they may have made, and as to any opinions rationally based on their perceptions and not based on scientific, technical, or specialized knowledge. See Castaldi v. Land Rover N. Am., Inc., No. 06-CV-1008JGKAM, 2007 WL 4165283, at *5-6 (E.D.N.Y. Nov. 21, 2007) (citing Fed. R. Evid. 701 (permitting a non-expert witness to testify to opinions which are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [regarding expert witnesses]") (alteration in original)). Defendant does however argue that, if Nagi Awass and Michael Likoudis, Esq. are excluded as experts, they should not be allowed to testify as fact witnesses because their testimony would be cumulative. Mr. Awass and Mr. Likoudis will therefore be allowed to testify only to the extent that such testimony is not cumulative, a determination that this Court will make at trial.

Finally, Defendant's request to preclude the "claim booklets" as expert reports is granted. However, Defendant has not offered any argument sufficient to exclude these documents entirely, and Plaintiff may be able to establish other paths to admissibility.

**B.    Preclude Evidence of Replacement Costs**

Defendant moves to preclude Plaintiff from presenting any proof of damages valued at replacement cost, or requesting that the jury award him damages valued at replacement cost, relative to the building and business personal property damages. Citing to both the language of the insurance contract and New York law, Defendant

argues that Plaintiff does not possess a bona-fide replacement cost claim because he has not repaired the damaged building or replaced any property.  See Harrington v. Amica Mut. Ins. Co., 223 A.D.2d 222, 228, 645 N.Y.S.2d 221 (4th Dep't 1996) ("Replacement cost coverage inherently requires a replacement (a substitute structure for the insured) and costs (expenses incurred by the insured in obtaining the replacement); without them, the replacement cost provision becomes a mere wager.").

Plaintiff offers no argument in opposition to this portion of the motion. Defendant's motion to preclude evidence of replacement costs is therefore granted.

**C.    Preclude Vendor Invoices Not Disclosed During Discovery**

Defendant moves to preclude twelve documents on Plaintiff's exhibit list under the heading "Vendor and Supplier receipts and invoices" on the grounds that these documents were not previously produced during discovery.  Plaintiff contends that these documents were produced prior to the commencement of the lawsuit as part of Plaintiff's insurance claim; Defendant contends that they were not.  Whether produced previously or not, sufficient time remains before trial for Defendant to assess these documents and prepare for their possible introduction into evidence.  Plaintiff must provide copies of the specified documents to Defendant within seven days, or risk the preclusion of such evidence at trial.  Defendant's request for preclusion of these documents is denied at this time.

**D.    Preclude Evidence of Policy Limits**

Defendant moves to preclude Plaintiff from introducing evidence of insurance policy limits, arguing that such evidence is irrelevant.  This Court is not currently in a position to determine relevancy, and therefore denies this request without prejudice and

defers determination until trial.  The Court will reconsider this request only if Defendant renews the argument at trial.

## III. CONCLUSION

For the reasons stated above, Defendant's motion in limine is granted in part, denied in part, and deferred in part.

## IV. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion in Limine (Docket No. 39) is GRANTED in part, DENIED in part, and DEFERRED in part.

FURTHER, that Plaintiff shall make the disclosures required herein within seven days of the entry date of this Decision and Order.

SO ORDERED.

Dated:       April 29, 2016
             Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                        United States District Judge